UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff(s), | Civil No. 11-241 [106] (DRD) |
| VANESSA MARTINEZ HERNANDEZ [106], | |
| Defendant(s). | |

**OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court are: (a) *Motion to Dismiss the Indictment for Government Misconduct Occurring Before the Grand Jury and Renewal Request for In Camera Inspection of Grand Jury Transcripts with Combined Memorandum of Law* filed by the defendant Vanessa Martínez Hernández [106] (hereinafter "Vanessa Martínez"), Docket No. 3821; (b) *United States' Opposition to Motion to Dismiss*, Docket No. 3864; (c) *Report and Recommendation*, Docket No. 4328; and (d) *Defendant's Objections to Magistrate Judge's Report and Recommendation*, Docket No. 4351.  For the reasons set forth below, defendant's motion to dismiss is denied.

**Issue**

The issue pending before the Court is twofold: (a) whether the alleged government misconduct at the grand jury stage warrants the dismissal of the *Indictment* as to the defendant Vanessa Martínez [106]; and (b) whether the defendant has shown that the indictment returned by the grand jury is not a "facially valid indictment."  The Court answers the inquiry negatively.   When considering an indictment dismissal request at the grand jury stage, the Court needs to determine whether the government's "conduct . . . is not so egregious as to 'deceive,' 'overreach,' or 'overbear the will' of the grand jurors as to warrant dismissal of indictment." *United States v. Malavet Rodríguez*, 738 F.2d 13, 16-17 (1st Cir.1984) ("Even if we should assume that Rodríguez's testimony was 'misconduct,' we find that it did not warrant dismissal of the indictment in this case").

### Factual and Procedural Background

On June 27, 2011, defendant Vanessa Martínez [106] was charged in four counts of the *Indictment*, Docket No. 3.  The same counts were charged in the *Superseding Indictment* filed on September 19, 2011, Docket No. 582.  Defendant was charged in Count One for being part of a conspiracy to possess with intent to distribute controlled substances, 21 U.S.C. §§ 841(a)(1), 846 and 860; Count Two for possession with intent to distribute heroin, 21 U.S.C. §§ 841(a)(1) and 860; and 18 U.S.C. § 2; Count Three for possession with intent to distribute cocaine, 21 U.S.C. §§ 841(a)(1) and 860; and 18 U.S.C. § 2; and Count Four for possession with intent to distribute marijuana, 21 U.S.C. §§ 841(a)(1) and 860; and 18 U.S.C. § 2.   *See Superseding Indictment*, Docket No. 582.  Defendant Vanessa Martínez was arrested on July 7, 2011.  *See* Docket entry No. 65.  Defendant's arraignment and detention hearing was held on July 12 2011. *See* Docket No. 112.

On August 16, 2013, defendant Vanessa Martínez filed a *Motion to Dismiss the Indictment for Government Misconduct Occurring before the Grand Jury and Renewal Request for In Camera Inspection of Grand Jury Transcripts with Combined Memorandum of Law*, Docket No. 3821.  In her motion, the defendant challenges the indictment on the grounds that the same "was obtained with prejudiced testimony that could include prosecutorial misconduct" which may warrant the dismissal of the indictment against her. *See* Docket No. 3821, page 3.  The defendant's request to dismiss the *Indictment* against her is supported by two sworn statements of Mr. Josean Reyes Pagán, who testified before the Grand Jury, "and informs that he was pressured by the prosecutor to testify falsely against 'other defendants,'" and Mr. David A. Colón Geigel "who asserts that he has personal knowledge that several government cooperating witnesses testified falsely during the trial of this case."  *See* Docket No. 3821, page 3.  Lastly, the defendant alleges that government witness Alex Pabón Colón "never implicated defendant Vanessa Martínez Hernández in the conspiracy." *Id.* at page 2.  The defendant alleges that the "prosecutors impermissibly mislead Mr. Pabón into disingenuously testifying that Defendant Vanessa Martínez Hernández was also involved in the conspiracy,

2

without attributing her any role whatsoever, in the Perla drug conspiracy, solely on the basis of the prosecutor's suggestive questions, and possibly her familial affiliation to the Martínez family." *See* Docket No. 2.

Defendant Vanessa Martínez further requests an *in camera* review of the Grand Jury testimony of Mr. Pabón. *See* Docket No. 3821, page 4.

The United States filed an opposition, Docket No. 3864, on the ground that "an indictment valid on its face is not subject to a challenge as to the reliability or competence of the evidence presented to the grand jury. *United States v. Calandra*, 414 U.S. 338, 344-345 (1974)." *See* Docket No. 3864, page 3.

This matter was referred to the United States Magistrate Judge Silvia Carreño Coll (hereinafter "Magistrate Judge") for report and recommendation. *See* Docket No. 3855. After having examined *in camera* the Grand Jury transcripts, a *Report and Recommendation* recommending that the defendant's motion to dismiss be denied, was filed on June 27, 2014, Docket No. 4328. Defendant Vanessa Martínez objected the *Report and Recommendation* on July 9, 2014, Docket No. 4351.

## Standard of Review

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 59(b)(2) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and Local Rule 72(a)(6) of the Local Rules for the District of Puerto Rico, as amended ("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within fourteen (14) days after being served a copy thereof. *See* Local Rule 72. Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may

3

accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate.

"The district judge need not normally conduct a new hearing and may consider the record developed

before the magistrate judge, making his or her own determination on the basis if that record." *See* Local

Rule 72(d) of December 3, 2009, as amended on September 2, 2010.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party]

agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.

1985), *cert. denied*, 474 U.S. 1021 (1985).  Moreover, "[f]ailure to raise objections to the Report and

Recommendation waives that party's right to review in the district court and those claims not preserved by

such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1ˢᵗ Cir. 1992).  *See also*

*Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that specific objections are

required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's

failure to make additional findings); *Lewry v. Town of Standish*, 984 F.2d 25, 27 (1st Cir. 1993) (stating that

"[o]bjection to a magistrate's report preserves only those objections that are specified"); *Keating v. Secretary*

*of H.H.S.*, 848 F.2d 271, 275 (1st Cir. 1988); *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987)

(holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review

of an argument never raised").  *See generally United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986);

*Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).  **Hence, the standard for**

**review of an objected report and recommendation is *de novo* review of those matters properly**

**objected**.  (Emphasis ours).  *See Borden v. Secretary of H.H.S.*, 836 F.2d at 6.  The Court, therefore

proceeds, as the *Report and Recommendation* has been objected, to review *de novo* the *Report and*

*Recommendation* issued by the Magistrate Judge, as to those parts that have been objected.  *Borden v.*

*Secretary of H.H.S.*, *supra*.

**Discussion**

A.     The Objections:

Defendant Vanessa Martínez' objections are the following:

(1) "[T]he report impermissibly leaves the Defendant without a remedy for the government misconduct alleged herein."  As the Magistrate Judge found that, in the instant case, "there is no evidence of prosecutorial misconduct."  "The only evidence against Martínez presented to the grand jury was [Alex] Pabón's testimony, and even if that testimony were false-as Martínez suggests- there is no evidence that the Government was aware of that falsity."  "Dismissal would therefore be improper." (Citations omitted).  *See* Docket No. 4351, page 2.

(2) Defendant insists that the testimony of Alex Pabón is "insufficient for a finding of probable cause."  *See* Docket No. 4351, pages 5-6.   Defendant quotes extensively from the *Report and Recommendation*, Docket No. 4328, to show "that there was no evidentiary foundation whatsoever to charge Vanessa [Martínez] with any criminal complicity in the La Perla conspiracy." *See* Docket No. 4351, pages 5-6.   Defendant further alleges that "[i]t is a case of a complete absence of evidence in which Vanessa [Martínez] was improperly indicted on the basis of the prosecutor's suggestive questions and her familial relationship with the Martínez family."  *Id.*

The record shows that the United States did not reply to the defendant's objections to the *Report and Recommendation.*

**Analysis**

The Court finds that there are no discrepancies as to the facts pled by the defendant in her motion to dismiss the *Indictment* based on the Government's misconduct at Grand Jury stage; the request of Grand Jury transcripts, Docket No. 3821, and the defendant's objections to the *Report and Recommendation*, Docket No. 4351.  The Court further notes that the Magistrate Judge ordered the production of the Grand Jury transcripts related to the defendant Vanessa Martínez, as well as the *in camera* review of said

5

transcripts, as requested by the defendant. *See Report and Recommendation*, Docket No. 4328, pages 2-4.

After a thorough review of the evidence submitted, the Magistrate Judge found that "Pabón's testimony does not mention a single overt act alleged to have been taken by Martínez." Docket No. 4328, page 4. "Instead, the testimony generally ascribes to Martínez, in exceedingly general terms, membership in a drug conspiracy." *Id.* at pages 4-5. "Nonetheless, we are able to give Martínez no relief: a very substantial body of case law prohibits us from assessing the weight and adequacy of the evidence presented to the grand jury." (Citations omitted). Docket No. 4328, page 5.

Although, the record shows that the Government did not reply to defendant's objections to the *Report and Recommendation*, the Court adopts and reiterates the Government's argument on its opposition to defendant's motion to dismiss. *See* Docket No. 3864.

> To the extent, defendant Vanessa Martinez is asking the Honorable Court to make a credibility assessment as to her version of the facts of the case or testimony of any witness, that matter falls squarely within the province of the jury as the trier of facts at a trial. Assessing the credibility of witnesses is a role reserved for the jury. *United States v. Santos Rivera*, [726 F.3d 17] (1st Cir. 2013). Moreover, an indictment valid on its face is not subject to a challenge as to the reliability or competence of the evidence presented to the grand jury. *United States v. Calandra*, 414 U.S. 338, 344–345 (1974). *See Costello v. United States*, 350 U.S. 359, 363 (1956) (holding that a court may not look behind the indictment to determine if the evidence upon which it was based is sufficient).

> Where the defendant alleges that a grand jury witness perjured himself, "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988)(quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986)). Dismissal is only proper if the court concludes "after examining the record as a whole", that the error may have had 'substantial influence' on the outcome of the proceeding." *United States v. Munoz Franco*, 123 F.Supp.2d 45, 52 (D.P.R. 2000) citing (*Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). Given that there was a first trial in relation to the present Indictment, which ended with verdicts of guilty, the case docket contains ample showing that the present case did not rely solely on one witness nor did the grand jury consider the testimony of just one individual. *See* Docket No. 2870.

Defendant's request for dismissal fails to satisfy the burden imposed by applicable case law. Defendant Vanessa Martinez has not offered any information, beyond unsubstantiated insinuations herein strenuously denied, that the United States intentionally submitted false testimony to the grand jury. *United States v. Rivera–Santiago*, 872 F.2d 1073, 1087-88 (1st Cir.1989)('[A]s a matter of law, defendant must have established 'that the government knew the indictment was based partially on perjured testimony which is material."); *United States v. Bucci*, 839 F.2d 825, 831 (1st Cir.1988) (prosecutor is not normally under duty to disclose exculpatory evidence to grand jury, nor obliged to impeach its own witnesses); *United States v. Maceo*, 873 F.2d 1, 4 (1st Cir.1989)("Misstatements or omissions alone do not justify dismissing an indictment that is facially valid.").

Not only has defendant Vanessa Martinez failed to meet the burden for dismissal of the indictment, but also has failed to justify discovery of grand jury material at this point in time. Grand jury proceedings "ought not be viewed as a fertile ground to be combed for evidentiary or other error." *United States v. Bari*, 750 F.2d 1169, 1176 (2d Cir. 1984). The defendant has not made the showing in the case at bar to establish that discovery into the grand jury proceedings is proper, and her additional requests in this regard should be denied.

The Court agrees and briefly explains.

### Dismissal of the Indictment  v.  A Facially Valid Indictment Returned by a Duly Constituted Grand Jury

The core of the issue before the Court is whether the dismissal of the indictment is warranted when the court has a facially valid indictment which has been returned by a duly constituted grand jury.

In *United States v. Calandra*, 414 U.S. 338, 343-345 (1974), the Court held:

> **Traditionally the grand jury has been accorded wide latitude to inquire into violations of criminal law. No judge presides to monitor its proceedings**. It deliberates in secret and may determine alone the course of its inquiry. The grand jury may compel the production of evidence or the testimony of witnesses as it considers appropriate, and its operation generally is unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials. '**It is a grand inquest, a body with powers of investigation and inquisition, the scope of whose inquiries is not to be limited narrowly by questions of propriety or forecasts of the probable result of the investigation, or by doubts whether any particular individual will be found properly subject to an accusation of crime**.' *Blair v. United States*, 250 U.S. 273, 282 (1919).

The scope of the grand jury's powers reflects its special role in insuring fair

and effective law enforcement. A grand jury proceeding is not an adversary hearing in which the guilt or innocence of the accused is adjudicated. **Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person. The grand jury's investigative power must be broad if its public responsibility is adequately to be discharged**. *Branzburg v. Hayes*, 408 U.S. 665, 700 (1972); *Costello v. United States*, 350 U.S. 359, 364 (1956).

In *Branzburg*, the Court had occasion to reaffirm the importance of the grand jury's role:

'(T)he investigation of crime by the grand jury implements a fundamental governmental role of securing the safety of the person and property of the citizen . . ..' 408 U.S. at 700.

'**The role of the grand jury as an important instrument of effective law enforcement necessarily includes an investigatory function with respect to determining whether a crime has been committed and who committed it. . . . 'When the grand jury is performing its investigatory function into a general problem area . . . society's interest is best served by a thorough and extensive investigation**.' *Wood v. Georgia*, 370 U.S. 375, 392 (1962). **A grand jury investigation 'is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed**.' *United States v. Stone*, 429 F.2d 138, 140 (C.A.2 1970). **Such an investigation may be triggered by tips, rumors, evidence proffered by the prosecutor, or the personal knowledge of the grand jurors**. *Costello v. United States*, 350 U.S. 359, 362 (1956). **It is only after the grand jury has examined the evidence that a determination of whether the proceeding will result in an indictment can be made** . . ..' *Id.* at 701-702.

**The grand jury's sources of information are widely drawn, and the validity of an indictment is not affected by the character of the evidence considered. Thus, an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence**, *Costello v. United States*, 350 U.S. 359, 362 (1956); *Holt v. United States*, 218 U.S. 245 (1910); or even on the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination, *Lawn v. United States*, 355 U.S. 339 (1958). (Emphasis ours).

In sum, the proceedings of the Grand Jury are investigative in nature, as there is no judge presiding the proceedings. In *United States v. Malavet Rodríguez*, 738 F.2d at 16, the Court held:

The remedy of dismissal of an indictment based on prosecutorial or government misconduct is an extraordinary one and is generally applied to

8

insure proper conduct by the government and its agents. [FN6][1] *See United States v. Pino*, (10th Cir.1983, 708 F.2d 523, 529-31), and *United States v. Thibadeau*, (2d Cir.1982, 671 F.2d 75, 78). **In addressing the question of the degree of misconduct necessary to set aside a grand jury indictment, we begin with the premise that an indictment, valid on its face, returned by a legally constituted grand jury, calls for a trial on the merits**. *United States v. Flaherty*, (1st Cir.1981, 668 F.2d 566). (Emphasis ours).

In the instant case, defendant Vanessa Martínez failed to challenge the Government's argument as to the validity of the indictment rendered by a legally constituted grand jury, which is the core of this matter. Defendant's failure to challenge the validity of the indictment translates into the proposition that the indictment is valid on its face, and the case shall proceed to trial. Once the indictment has been rendered, the judge will call for a trial on its merits. "In determining whether the theory of defense is supported by the record, the district court may not weigh the evidence or make credibility determinations. *United States v. Rodríguez*, 858 F.2d 809, 812 (1st Cir.1988)." Hence, the defendant's argument accompanied by the evidence in support of her argument is to be submitted to the jury for a finding, as the Court cannot "weigh the evidence or make credibility determinations." *Rodríguez*, 858 F.2d at 812. "Credibility is a question for the jury." *United States v. Santos Rivera*, 726 F.3d 17, 25 (1st Cir.2013).

Likewise, once the indictment has been rendered by the grand jury and the judge calls for a trial on the merits, then the defendant's argument of prosecutor's misconduct may be presented. "The term 'prosecutorial misconduct' covers a broad swath of improper conduct by the state's attorney that may impair an accused's constitutional rights to a fair trial, such as commenting on an accused's decision to remain silent, witness vouching, and introducing inadmissible evidence through cross-examination. *See Doyle v. Ohio*, 426 U.S. 610, 619-620 (1976)," and the collection of cases cited therein. *United States v. Santos*

---

[1]    FN.6 reads as follows:

"The dismissal may be based on either the fifth amendment due process clause or on the court's inherent power supervisory powers. *United States v. Cederquist*, (9th Cir.1981, 641 F.2d 1347, 1352), and cases cited therein. The standard for dismissal is the same under the due process clause and the court's supervisory powers." *Id.*

*Rivera*, 726 F.3d at 27.

In view of the foregoing, the Court adopts the recommendation made by the Magistrate Judge Carreño Coll, as supplemented herein, and denies the dismissal of the *Indictment* as requested by the defendant Vanessa Martínez Hernández [106], at this stage of the proceedings.

### Conclusion

For the reasons set forth above, the defendant's *Motion to Dismiss the Indictment for Government Misconduct Occurring before the Grand Jury and Renewal Request for In Camera Inspection of Grand Jury Transcripts with Combined Memorandum of Law,* Docket No. 3821, is denied.   The *Report and Recommendation*, Docket No. 4328 is hereby adopted *in toto*, as supplemented herein.

**The Clerk of Court shall set this matter for trial at the next available date**.

This case is now placed on a fast track calendar.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of February, 2015.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge

10